IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| SARAH E. SCHAACK,<br><br>Plaintiff,<br><br>vs.<br><br>ABCM CORPORATION, d/b/a NORA SPRINGS CARE CENTER,<br><br>Defendant | No. C07-3080<br><br>RULING ON MOTION TO QUASH |

This matter comes before the Court on the Motion to Quash Subpoenaes (docket number 14) filed by the Plaintiff on November 6, 2008. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

## I. RELEVANT FACTS

On November 27, 2007, Plaintiff Sarah E. Schaack filed a Complaint (docket number 2) seeking damages against Defendant ABCM Corporation for an alleged violation of the Family and Medical Leave Act ("FMLA").[1] Schaack began working at ABCM as a full-time cook on June 25, 2004. Schaack claims that she injured her back while shoveling snow at home and "commenced her family medical leave on or about February 17, 2006." According to Schaack, when she notified ABCM on April 19, 2006 of her readiness to return to work, she was given significantly fewer hours and "her job duties were also different." Schaack's employment was terminated on April 21, 2006. ABCM claims that Schaack "resigned," while Schaack claims that she was "constructively discharged." Trial is scheduled before Chief Judge Linda R. Reade on July 20, 2009.

---

[1] The Complaint was amended on December 18, 2007. *See* Amended Complaint with Jury Demand (docket number 4).

1

On October 27, 2008, ABCM caused a "subpoena in a civil case" to be issued to five of Schaack's former employers.[2] (The "issuing officer" is identified as Raymond R. Aranza, who appears on behalf of ABCM. Nonetheless, he is identified on the subpoenaes as "Attorney for Plaintiff." *See* docket number 14-5.) The subpoena directs the former employers to produce and permit inspection and copying of the "[c]omplete employment (personnel) file for Sarah E. Schaack" at the Scheldrup law firm on November 10, 2008.[3]

On November 6, 2008, Schaack filed the instant motion to quash subpoenaes, arguing that ABCM's "request is overbroad, seeks confidential information, and is not reasonably calculated to lead to the discovery of admissible evidence." Schaack requests that the Court enter a protective order pursuant to FEDERAL RULE OF CIVIL PROCEDURE 26(c) prohibiting the requested discovery or, alternatively, limiting further dissemination of the information. ABCM resists the motion, but suggests that the subpoenaes "be limited to Plaintiff's reasons for the termination of her previous employment."

## II. DISCUSSION

The familiar standard governing the scope of discovery generally is found in FEDERAL RULE OF CIVIL PROCEDURE 26(b)(1): "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Accordingly, the Court must first determine whether the information sought is relevant to Schaack's claim or ABCM's defense. In a discovery context, relevancy "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). *See also Rolscreen Co. v. Pella Products*, 145

---

[2] The employers are identified as U.S. Air Force Commissary, Winnebago Industries, Willow Pointe Assisted Living, Apple Valley Assisted Living, and Super Target.

[3] The pleadings reflect that the address for the Scheldrup law firm is 225 2nd Street SE, Suite 200, Cedar Rapids, Iowa. The subpoenaes direct the documents to be produced, however, to the Scheldrup law firm at 222 South 15th Street, Suite 302, Omaha, Nebraska.

F.R.D. 92, 94 (S.D. Iowa) ("Discovery rules are to be broadly and liberally construed in order to fulfill discovery's purposes of providing both parties with 'information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement.'"); *Davis v. Union Pacific RR Co.*, 2008 WL 3992761 (E.D. Ark.) at *2 ("A request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party.").

In this case, ABCM claims that the information sought in the subpoenaes is relevant to Schaack's claim that she was constructively discharged. "A plaintiff claiming constructive discharge must show that a reasonable person would have found the conditions of employment intolerable and that the employer either intended to force the employee to resign or could have reasonably foreseen that the employee would do so as a result of its actions." *Kerns v. Capital Graphics, Inc.*, 178 F.3d 1011, 1017 (8th Cir. 1999). To prove that a reasonable person would have found the conditions intolerable, "an employee has an obligation not to assume the worst and not to jump to conclusions too quickly. An employee who quits without giving her employer a reasonable chance to work out a problem has not been constructively discharged." *Phillips v. Taco Bell Corp.*, 156 F.3d 884, 890 (8th Cir. 1998) (quoting *Summit v. S-B Power Tool*, 121 F.3d 416, 421 (8th Cir. 1997)). ABCM argues that if Schaack "has made similar complaints with previous employers," then "[s]uch evidence would allow the jury to determine whether Plaintiff jumped to conclusions too quickly when she returned to work."

It appears to the Court that the reasons for Schaack leaving her prior places of employment may be relevant to the issue of whether she was constructively discharged.

> When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish that the requested discovery does not come within the scope of relevance as defined under Rule 26(b)(1), or is of such marginal relevance that the potential harm occasioned by the discovery would outweigh the ordinary presumption in favor of broad disclosure.

*Moses v. Halstead*, 236 F.R.D. 667, 671 (D. Kan. 2006). *See also Rolscreen Co.*, 145 F.R.D. at 95 ("One objecting to discovery on the grounds of relevancy carries the burden to sustain the objection.").

In support of her motion, Schaack cites *Williams v. Board of County Commissioners*, 2000 WL 133433 (D. Kan.), for the general proposition that "personnel files and records are confidential in nature and that, in most circumstances, they should be protected from wide dissemination." *Id.* at *1. In *Williams*, however, the plaintiff was seeking the employment files of third persons. The defendants filed a motion for protective order, citing the confidential nature of the material. In this case, ABCM seeks portions of the employment files relating to Schaack, the Plaintiff herein, rather than information relating to non-parties.

Schaack also argues that wage information from prior employers and job performance with prior employers is not relevant to her FMLA retaliation claim, citing *Maxwell v. Health Center of Lake City, Inc.*, 2006 WL 1627020 (M.D. Fla.). There, plaintiff sued alleging race discrimination, racial harassment, and retaliation. The defendant served the plaintiff with subpoenaes directed to six former employers, requesting the "entire personnel file from each of these prior employers." *Id.* at *1. As noted by Schaack, the Court concluded that information regarding her prior wage history and prior job performance was not relevant to her current claim. The Court also concluded, however, that information relating to prior similar complaints was relevant and discoverable. *Id.* at *4 ("Consequently, the Court finds that evidence relating to potential prior complaints of discrimination, harassment or allegations could be relevant and possibly admissible if the evidence shows such claims were frivolous."). Thus, *Maxwell* stands for the proposition that certain portions of prior employment records may be discoverable for the limited purpose of determining whether a plaintiff made similar complaints with previous employers.

The discovery sought by ABCM is not unduly burdensome or expensive. While the subpoenaes initially sought Schaack's complete employment file at each of her five previous employers, ABCM agreed in its response to the instant motion that the subpoenaes "be limited to Plaintiff's reasons for the termination of her previous employment." The "harm" caused by disclosure of this information does not "outweigh the ordinary presumption in favor of broad disclosure." *Moses*, 236 F.R.D. at 671. With the limitation suggested by ABCM, the Court finds that the motion to quash should be denied.

## ORDER

IT IS THEREFORE ORDERED that the Motion to Quash Subpoenaes (docket number 14) filed by the Plaintiff on November 6, 2008 is hereby **DENIED**. The subpoenaes shall be limited in scope, however, to the reasons for Plaintiff's termination of her previous employment.

DATED this 26th day of November, 2008.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA